PEOPLE ex rel. KOEBER v. BENSEL, Commissioner.

(Supreme Court, Appellate Division, Second Department.  March 5, 1909.)

MUNICIPAL CORPORATIONS (§ 218*) — CIVIL SERVICE — RULES—CLASSIFIED EM-
PLOYÉS.

Civil service rule 19 provides that the commission shall certify from the
appropriate list the names of those standing highest thereon, and, except
as therein provided, appointments shall be made as designated by rule 11
for positions in the competitive classes.  Rule 11 declares that the per-
son selected shall be duly notified, and on accepting and reporting for duty
shall receive an appointment for a probationary period of three months.
*Held*, that rule 19 has no relation to probationary appointments, but re-
lates merely to the rule governing the selections to be made from the cer-
tified list, and not to the length of time for which they shall be appointed;
and hence a person appointed in the noncompetitive civil service as water
tender in the department of docks and ferries was subject to discharge for
being absent without leave, as authorized by Greater New York Charter
(Laws 1901, p. 636, c. 466) § 1543.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
218.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Charles Koeber,
against John A. Bensel, as commissioner, etc.  From a final order
dismissing an alternative writ, relator appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD,
JENKS, GAYNOR, and MILLER, JJ.

Joseph R. Swan, for appellant.
James D. Bell, for respondent.

WOODWARD, J.  The relator in November, 1905, was appoint-
ed as a water tender in the department of docks and ferries of the
city of New York at a salary of $100 per month, this position be-
ing established and classified by the municipal civil service commis-
sion in September of that year.  On the 4th day of November, 1905,
the relator reported for duty and was set at work temporarily as an
oiler; the record showing that this was due to an exigency of the
service.  The position of oiler was rated at $75 per month.  The
relator worked one tour of duty, from midnight of November 4th
to 8 o'clock the following morning, and then left his work with-
out leave of any one, and did not report again until the 9th, though
he claims to have been looking for one Herrick, his superior, in or-
der that he might protest against his work as an oiler, when he had
been appointed to the position of water tender.  On the 9th of No-
vember it appears that the relator found Mr. Herrick and made his
protest, and that on the 13th he was dismissed from the service on
the ground, which was subsequently reported to the municipal civ-
il service commission as required by subdivision 12 of rule 19, that
he had left the service for a period of four days without leave.

The theory of the relator seems to be that under rule 19, which
requires that the commission shall "certify from the appropriate
list the names of those standing highest thereon, and except as

herein provided, such certification and appointments or selections for appointments therefrom shall be made in the manner prescribed by rule 11 for positions in the competitive class," he is entitled to a probationary appointment, which has a secure tenure of existence during the term in a like manner as competitive appointees. Rule 11 provides that the "person selected shall be duly notified by the appointing officer, and upon accepting and reporting for duty, shall receive from such officer a certificate of appointment for a probationary period of three months"; and it is under this clause that the relator claims exemption from the rule laid down in section 1543 of the Greater New York charter (Laws 1901, p. 636, c. 466). As we read rule 19, it has no relation whatever to the matter of the probationary appointment. It relates merely to the rule governing the selections to be made from the certified list, and not to the length of time for which they shall be appointed. The language is that the commission shall "certify from the appropriate list the names of those standing highest thereon," and this certification "and appointments or selections for appointments therefrom shall be made in the manner prescribed by rule 11." It is merely as to the certification of the commission as to those standing highest upon the appropriate list, and the "appointments or selections for appointments therefrom," which are to be governed by rule 11, and it has nothing whatever to do with the terms of the employment. The Legislature and its creation, the municipal civil service commission, have not yet made it obligatory upon the municipality to retain in employment one who disregards the ordinary obligations of an employé in the simple duties of the noncompetitive civil service, and the relator, not being in the competitive class, and not being otherwise specially protected, comes within the provisions of section 1543 of the Greater New York charter, and the order of the court at Special Term, dismissing the alternative writ of mandamus, is in accord with law and should be affirmed.

The order appealed from should be affirmed, with costs. All concur.